Ludeling, C. J.,
dissenting. This is a petitory action by the heir of Robert Green. The defense is'that the defendant holds the property by mesne conveyances from the purchaser at a probate sale of the succession of Robert Green.
The sale was provoked and made by one who acted as the executor of the last will of Robert Green. At the time of the sale, the will, which appointed him executor, had been destroyed by the birth of a legitimate child of the testator subsequent to its date. “The testament falls by the birth of legitimate children of the testator posterior to its date,” C. C. 1705. After the birth of the child there was no testament, and consequently no executor of Robert Green, deceased. And all the acts of said pretended executor were absolutely null. 2 R. 258 ; 3 An. 271; 8 An. 378; 6 How. 550.
Suppose a mere intermeddler, representing himself to be executor, had obtained an order to sell succession property and had made the sale ; could it be seriously pretended that such as ale could be held to be valid? I imagine not.
It is contended, however, that John J. Green was acting under an appointment recognized by a court under an order of sale granted by a court of competent jurisdiction, and that therefore the sale was valid. The will having ceased to have validity after the birth of the child, ipso faeto, all who dealt with him, were bound to inquire, if he filled the office legally. Otherwise the provisions of article 1705 is meaningless. J. J. Green had no right to ask for the order, and the court erred in making it, and it was without power or jurisdiction to authorize him, a stranger to the estate, to make the sale. The order itself was a nullity. “ Quod, nullum est, nullum, effeetumproduciV’
The rule that a purchaser at a judicial sale is protected by the judgment of a court, has this extent only, that the innocent purchaser is protected from irregularities which precede the judgment. 23 An. 446. It has no application to this case, for the plaintiff does not complain of mere want of formalities preceding the order of sale; but of the order itself as null and void. The complaint is that succession property, the heir to which was a minor, was sold under an order granted when both the succession and the minor were unrepresented, and at the instance of a total stranger to the succession. There is no excep *565 tion in this case that the minor has not offered to return the price of the property which may have gone to pay the debts of the succession; and therefore I think there should be judgment in her favor for the land, and a writ of possession to issue only, when she reimbursed to defendant the portion of the price which went to pay the debts of the succession. For the foregoing reasons I dissent.
Rehearing refused.